# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

REGINA HAYES,                          )
                                       )
      Plaintiff,                    )
                                       )
    vs.                                )        Case No. 4:22-cv-01039-MTS
                                       )
KONINKLIJKE PHILIPS N.V., *et al.*,    )
                                       )
      Defendants.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file.  The Court finds that Plaintiff has failed to establish this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").  Plaintiff's Complaint premises this Court's subject matter jurisdiction on 28 U.S.C. § 1332,[1] but Plaintiff did not allege facts establishing the citizenship of all parties.  For example, Plaintiff failed to allege the members of Defendant Philips North America LLC and their citizenship and instead alleged only that Defendant Philips North America LLC is "a Delaware corporation" with its "principal place of business" in Massachusetts.[2]  Doc. [1] ¶ 19; *see also GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Plaintiff must file an Amended Complaint properly establishing this Court's subject matter jurisdiction in *all* respects.

---

[1] Plaintiff fails to provide the subsection of § 1332 on which it premises the Court's subject matter jurisdiction.

[2] Plaintiff does allege that "Defendants are citizens of the Kingdom of the Netherlands and the States of Delaware, Massachusetts, and Pennsylvania," Doc. [1] ¶ 42, but that legal conclusion alone is insufficient to establish jurisdiction.  See *Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *see also Stalley v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) (noting that while a court accepts as true "all factual allegations" it should give "no effect to conclusory allegations of law" when determining whether plaintiff has established the court's subject matter jurisdiction).

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **<u>Tuesday, October 11, 2022</u>**, Plaintiff shall file an Amended Complaint that properly establishes this Court's subject matter jurisdiction. Failure to properly establish this Court's subject matter jurisdiction will result in the dismissal of this case without prejudice.

Dated this 29th day of September, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE